At this time we'll hear Okocha versus Colvin. Good morning. Good morning judges. My name is Bezo Okocha. I am here at Plaintiff's Proceeds representing myself today. May it please the court. The Social Security Administration appears to believe that it is acceptable to exempt certain individuals from the dictates of law. My grievances with them is that on January 31st of 2011 I received a document in the I immediately brought the attention of the agency that there is a certain law that does benefit me and the law states here is HUSC 1612 bracket A, bracket 2, bracket F, and bracket I stating that if you belong to certain fairly assisted programs such as benefits such as SNAP, Medicaid, and food stamps that you are exempt from termination in accordance with seven-year rule of the Social Security. And I did belong to these groups exempt. I brought the matter to the attention of the district commissioner and she ignored me. And instead I went to the office and I tried to speak to her in person and I was ignored again. And I brought this matter to the appeals council, to district court, and to this day I fail to have a resolution on this matter. Even though December 2016 I received a partial reinstatement on my benefit, but not in accordance with the law or with the order given to them by the judge stating that my benefit should be retracted to March of 2011. Instead the benefit came back to me starting from December 2014. My question is now, what happened to the part that is missing? I hadn't applied for a new set of benefits, which means that the Social Security Commissioner somehow admits that it did wrong to me. My question therefore is, why was I singled out by this submission to be treated this way? I did issue interrogatories during the process of questioning back and forth, demanding to find out if there are other people in my benefit, in my category, who were treated the same way as they had done to me, which means refusing to apply the law to me. That's a law that does support me that says that if you are a disabled person and you have been on benefits and that the seven-year rule will not apply to you because, one, graduating from your permanent residency to citizenship with the disability continuing, you still have the problem for which the benefit was given to you in the first place. My disability has continued and then the question is, why was I terminated and does it amount to discrimination, yes? And yes, I do believe I have been discriminated against and victimized by the organization, by Social Security. You've reserved a couple of minutes for rebuttal. You could use them now or you could wait until after your adversary talks. Okay. Thank you very much. Good morning, Your Honors. May it please the Court. John Gurra, Jr., Assistant United States Attorney for the Southern District of New York, representing the Commissioner. The Commissioner correctly determined that Mr. Okocha was no longer eligible to receive SSI benefits as of March 1st, 2011, based on an application of statute that limits eligibility for non-citizens to certain federal benefit programs. Mr. Okocha qualified for SSI under the controlling statute by virtue of his grant of asylum in 2002. Mr. Okocha's eligibility, however, was only temporary because the statute limited his eligibility for SSI for only nine years from his grant of asylum. The statute does permit continued eligibility if certain other exceptions are met. However, Mr. Okocha did not meet any of these other exceptions and therefore his benefit eligibility ended when the nine-year period from his grant of asylum had run. Just to give the Court some background as to what happened after the District Court ruled in this case, Mr. Okocha did, in fact, reapply for supplemental security income benefits in September of 2016. In November 2016, the Social Security Administration found that he was eligible because he met all of the criteria for SSI, including being a naturalized U.S. citizen. Mr. Okocha started receiving benefits as of December 2016. Ordinarily, SSI benefits are only limited or paid from the time an application is filed. However, the agency took notice of the fact that Mr. Okocha has been pursuing his benefits in court since at least 2011 and therefore found him eligible retroactively to his grant of citizenship in October of 2014. In addition to receiving a monthly benefit as of December 2016, he's being paid retroactively for those benefits that were awarded concurrent with his grant of citizenship. Because the Commissioner's determination is supported by substantial evidence and was made under the correct legal standards, we respectfully submit that the District Court's . . . in this case? He did not because he asserts that he is eligible for benefits from March 2011 going forward. However, 8 U.S.C. 1612 required that his eligibility end nine years after his grant of asylum in 2002. So that was March 2011. He was a naturalized U.S. citizen in October 2014. The impediment to him receiving SSI from that point forward was his lack of citizenship because the statute precludes certain non-citizens from getting certain types of federal benefits. In this action, he would want benefits for 2011 to 2014 and you're saying that's what . . . he's not eligible? He's not eligible. There's no statutory basis under which he can obtain benefits. Unless there are any further questions, we respectfully submit that the District Court's decision be affirmed. Thank you. You're welcome. We'll hear you again. You reserved two minutes to respond to your adversary. You can do that. It's optional. I'd like to point out the fact that the counsel stated that I did apply for benefits in 2016. That is incorrect. The retracted benefits I'm being paid now started from 2014. If I applied in 2016, how come I'm getting from 2014? And again, there's a document on file . . . No, that's when you became a citizen, so the application said you were entitled to the benefits starting in 2014. Yes, ma'am, but there's a judge's order that says that I'm qualified and it's on file with court and that my benefits should start from 20 . . . retracted from March 2011. And again, the counsel erroneously made a statement that there's no statutory reservation or support of my case. It's found here in HUSC 1612A2FI saying that if you're a disabled person and if a political asylee, which I was then, I have a disability in the right eye. I cannot see very well in the right eye. And that if you have Medicaid and SNAP and cash assistance that you're qualified, that you're exempt from the seven-year rule, that since your benefits, your disability continues, is permanent, there's no need to terminate benefits. So, I find that he's wrong . . . not that I find . . . I think that he's wrong that there's no statutory support of my condition, my citizenship in this case. Again, the argument they tend to make in this case is that they use a case law of 1996, August 22nd, which is Medicare. My case is strictly Social Security benefit insurance, insurance benefit disability, not Medicare. While they're both Social Security, it's . . . they're governed separately by separate laws. Medicare. It's what they're citing. We have your arguments in your brief. Thank you. Thank you both. We'll reserve decision. The case of United States v. Singer is taken on submission. The case of National Labor Relations Board v. Ace Masonry is taken on submission. That's the last case on calendar. Please adjourn the court.  Thank you.